UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDWIN CRUZ-GUADALUPE,

    Claimant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Respondent.

Civil No. 08-1475 (JAF)

**OPINION AND ORDER**

Claimant, Edwin Cruz-Guadalupe, petitions this court under 42 U.S.C. § 405(g) to review the decision of Respondent, Commissioner of Social Security ("Commissioner"), denying disability benefits to Claimant. (Docket No. 1.) Commissioner opposes the petition. (Docket No. 7), and Claimant replies (Docket No. 8).

**I.**

**Factual and Procedural History**

We derive the following facts from the parties' filings (Docket Nos. 1, 7, 8) and the record in this case ("R.") (Docket No. 4).

On July 2, 2003, Claimant applied for disability insurance benefits, alleging disability as of June 2001. (R. at 65-74.) Claimant stated in his application that he suffered from "omphalocele, back condition, right thigh pain." (R. at 66.) Claimant asserted that his illness caused pain, "dizzy spells, nausea, headache, tiredness, and weakness," which restricted his ability to work. (R. at 66.)

Civil No. 08-1475 (JAF)                                                    -2-

Commissioner denied Claimant's application on November 7, 2003 (R. at 38-40), and again upon reconsideration on March 24, 2004 (R. at 45-46). After conducting a hearing on April 5, 2006 (R. at 27-30), an administrative law judge ("ALJ") issued a decision on May 25, 2006, finding that Claimant was not disabled at any time on or before December 31, 2003 (R. at 14). On September 22, 2006, the Appeals Council affirmed the ALJ's findings, but remanded for consideration of Claimant's condition from January 1, 2004, to September 30, 2004, the date he was last insured. (R. at 14.) Claimant submitted no additional evidence (R. at 249), and the ALJ conducted a hearing on November 3, 2006 (R. at 254-55).

On January 22, 2007, the ALJ issued a second decision finding that Claimant was not disabled between the remaining period, from January 1, 2004, until September 30, 2004 ("second decision"). (R. at 14-18.) Applying the five-step inquiry under 20 C.F.R. § 404.1520(a), the ALJ found that, under 20 C.F.R. § 404.1520(c), "the objective medical evidence fail[ed] to establish the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms." (R. at 15-18.) After the Appeals Council denied Claimant's request for review on February 26, 2008 (R. at 4-6.), the second decision became Commissioner's final determination in Claimant's case. See 20 C.F.R. § 404.981.

On April 23, 2008, Claimant filed the instant petition seeking review of the ALJ's second decision. (Docket No. 1.) Commissioner

filed a memorandum of law in opposition to Claimant's petition on November 21, 2008. (Docket No. 7.) Claimant filed a memorandum of law in support of his claim on January 6, 2009. (Docket No. 8.)

## II.

## Analysis

Claimant contends there was not substantial evidence for the ALJ to conclude that he was not disabled. (Docket No. 1.) An individual is disabled under the Social Security Act ("the Act") if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d).

The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortíz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted) (quoting Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). In reviewing a denial of benefits, the ALJ must

Civil No. 08-1475 (JAF)                                          -4-

consider all evidence in the record. 20 C.F.R. § 404.1520(a)(3). Credibility and "[c]onflicts in the evidence are . . . for the [ALJ] - rather than the courts - to resolve." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 141 (1st Cir. 1987). We reverse the ALJ only if we find that he "ignor[ed] evidence, misappl[ied] the law, or judg[ed] matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

Claimant challenges the ALJ's second decision, arguing that (1) the ALJ failed to consider all relevant evidence in assessing Claimant's residual functional capacity ("RFC"); (2) the ALJ improperly compared Claimant's RFC with the physical and mental requirements of his past work; and (3) the ALJ improperly considered Claimant's subjective complaints in assessing his credibility. (Docket No. 8.) We address each contention in turn.

Firstly, Claimant misconstrues the ALJ's reasoning in support of his second decision. Pursuant to 20 C.F.R. § 404.1520(a), the ALJ must engage in a five-step test for disability. Under this approach, the ALJ may terminate the inquiry at any stage if he finds that the medical evidence does not meet the appropriate standard. § 404.1520(a)(4). At the second step, the ALJ must be satisfied that a claimant has "a severe medically determinable physical or mental impairment . . . or a combination of impairments that is severe." § 404.1520(a)(ii). A severe impairment is one that "significantly

Civil No. 08-1475 (JAF)                                                    -5-

limits [the claimant's] physical or mental ability to do basic work activities." § 404.1520(c).

In finding that "the objective medical evidence fails to establish the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms" (R. at 17), the ALJ determined that the evidence failed to satisfy step two of the inquiry. Accordingly, the ALJ had no occasion to consider Claimant's RFC under step three of the inquiry. See 20 C.F.R. § 404.1520(a)(iii), (e).

Secondly, the ALJ did not compare Claimant's RFC to his past relevant work under § 404.1520(a)(iv), step four of the inquiry. (R. at 16-18.)  As explained above, the ALJ terminated his inquiry at the second step.

Thirdly, contrary to Claimant's argument (Docket No. 8), the ALJ may weigh the credibility of a claimant's allegations of impairments by noting all inconsistencies in the record between the claimant's assertions and the medical findings. Evangelista, 826 F.2d at 141; S.S.R. 96-7p (Cum. Ed. 1996). The ALJ "noted that the lack of objective medical findings are [sic] not consistent with the level of severity alleged by the claimant." (R. at 17.) Therefore, the ALJ properly considered Claimant's "allegations of disabling pain and other symptoms" to determine that "the record as a whole does not show any disabling disorder, during the crucial period at issue and no exertional limitations can be established" (R. at 17).

Civil No. 08-1475 (JAF)                                              -6-

Lastly, we address, without assistance by either party, the overall sufficiency of evidence to sustain the second decision.[1] In reference to the period from January 1, 2004, until September 30, 2004, the ALJ concluded, "[A]ny symptoms of the claimant were not of a duration, frequency, or intensity as to be disabling, nor would they have precluded the performance of basic work-related tasks." (R. at 17.) In support, the ALJ cited the dearth of medical evidence in the record to support Claimant's allegations of disability for the relevant period, as well as Claimant's express waiver of his opportunity to present additional evidence. (R. at 17-18.)

Other than the transcript of the second hearing (R. at 252-55), the record contains scant evidence relating to Claimant's condition during the relevant period. Indeed, the only relevant evidence we can discern is a report dated March 23, 2004, which referenced a consultative examination that predated the period at issue. (R. at 219.) The report found that "Claimant's condition [did] not meet or equal any listing." (R. at 219.) The only remaining item in the record postdating this report is a list of medications prescribed in 2005 and 2006 to treat Claimant's inflammation and pain. (R. at 229.) This evidence is irrelevant, as it falls outside the relevant period.

---

[1] While Claimant has evidently misapprehended the ALJ's reasoning, counsel for Commissioner also wholly missed the mark in his defense of the ALJ's determination. (See Docket No. 7.)

Civil No. 08-1475 (JAF)                                                      -7-

In sum, there is substantial evidence in the record to support the ALJ's second decision, which found that Claimant did not suffer from a severe, medically determinable impairment for the period from January 1, 2004, through September 30, 2004. We, therefore, hold that the ALJ's disability determination was based on substantial evidence and, hence, is conclusive. See 42 U.S.C. § 405(g).

### III.

### Conclusion

Accordingly, we hereby **AFFIRM** Commissioner's determination and **DENY** Claimant's petition (Docket No. 1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 1st day of September, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge